**UNITED STATES of America,**
**Appellee,**

v.

**Roderick SOTO, Luis Angel Ramos,**
**Defendants–Appellants.**

Nos. 05–6138–cr(L), 05–6300–cr(CON).

United States Court of Appeals,
Second Circuit.

March 11, 2008.

Tina Schenider, Portland, ME, for defendant-appellant Soto; Kim P. Bonstrom, Bonstrom & Murphy, Shelter Island, NY, for defendant-appellant Ramos.

Colleen Kavanaugh, Assistant United States Attorney, (Roslynn R. Mauskopf, United States Attorney, Emily Berger, Assistant United States Attorney, Of Counsel), United States Attorney's Office for the Eastern District of New York, Brooklyn, NY, for Appellee.

PRESENT: JOSÉ A. CABRANES, ROSEMARY S. POOLER, ROBERT D. SACK, Circuit Judges.

## SUMMARY ORDER

Defendants-appellants Roderick Soto and Luis Angel Ramos appeal from judgments of conviction. Following a jury trial, both defendants were convicted of racketeering conspiracy in violation of 18 U.S.C. § 1962(d), Hobbs Act robbery conspiracy in violation of 18 U.S.C. § 1951(a), and use of a firearm during a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A). Soto was also convicted of murder in aid of racketeering in violation of 18 U.S.C. § 1959(a). Defendants were sentenced principally to terms of life imprisonment. On appeal, both defendants argue that (1) the racketeering conspiracy charge was time-barred; and (2) the Hobbs Act and firearm charges should be reversed due to spillover prejudice. Soto argues that (3) the evidence of the murder in aid of racketeering charge was insufficient; (4) the District Court erred in admitting hearsay statements under the co-conspirator exception to the hearsay rule; and (5) there was insufficient evidence to support his conviction for RICO conspiracy because he withdrew from the conspiracy before the events alleged in the indictment. We assume the parties' familiarity with the facts and procedural history of the case.

We review a district court's application of a statute of limitations *de novo*. *See, e.g., Corcoran v. New York Power Auth.*, 202 F.3d 530, 542 (2d Cir.1999). Where a defendant fails to raise the statute of limitations as an affirmative defense, the Court's failure to instruct the jury on that issue is reviewed for plain error. *United States v. Grammatikos*, 633 F.2d 1013, 1022 (2d Cir.1980). When we confront the issue of prejudicial spillover from one invalidated count to another, we "consider whether the presence of the invalidated count had any spillover effect sufficiently prejudicial to call for reversal of the remaining counts." *United States v. Rooney*, 37 F.3d 847, 855 (2d Cir.1994) (internal quotation and citation omitted). When considering a challenge to the sufficiency of the evidence, we "view the evidence, whether direct or circumstantial, in the

light most favorable to the government, crediting every inference that could have been drawn in its favor, and we ... affirm the conviction so long as, from the inferences reasonably drawn, the jury might fairly have concluded guilt beyond a reasonable doubt." *United States v. Rosa*, 11 F.3d 315, 337 (2d Cir.1993) (internal quotation and citation omitted). Where a defendant did not raise a sufficiency challenge at the close of evidence, we review this challenge for plain error or manifest injustice. *See, e.g., United States v. Finley*, 245 F.3d 199, 202 (2d Cir.2001). We review a district court's evidentiary rulings for abuse of discretion. *See, e.g., United States v. Germosen*, 139 F.3d 120, 127 (2d Cir.1998).

■ We conclude that the RICO conspiracy charge was not time-barred. "Because the RICO conspiracy statute does not require proof of an overt act, ... the crime of RICO conspiracy is not complete until the purposes of the conspiracy either have been accomplished or abandoned." *United States v. Persico*, 832 F.2d 705, 713 (2d Cir.1987). We disagree with defendants' contention that the goals of the charged conspiracy were limited to or exclusively defined by the predicate acts alleged in the indictment. *See id.* The uncharged acts established at trial demonstrate that the charged conspiracy continued well into the limitations period. We find no error in the use of uncharged acts to prove that the RICO conspiracy charge was not time-barred. *See, e.g., United States v. Salmonese*, 352 F.3d 608, 620 (2d Cir.2003)("[T]he statute of limitations may be satisfied by proof of an overt act not explicitly listed in the indictment.") (citation omitted).

Because we conclude that the RICO conspiracy charge was not time-barred, we find that there was no spillover prejudice that would require reversal of the Hobbs Act or firearm convictions.

■ We further conclude that Soto has failed to establish that there was insufficient evidence that he committed murder with the requisite intent, namely with the "purpose of ... maintaining or increasing [his] position in an enterprise engaged in racketeering activity...." 18 U.S.C. § 1959(a); *see, e.g., United States v. Concepcion*, 983 F.2d 369, 381 (2d Cir.1992). The government is not required to prove that advancing or maintaining his status within the enterprise was the defendant's sole or even principal motive. *See, e.g., United States v. Pimentel*, 346 F.3d 285, 295–96 (2d Cir.2003). Even under defendant's theory, the murder was committed in order to maintain Soto's status in the enterprise as part of his attempt to cover up his own theft of drugs owned by the enterprise. While it may be that Soto committed the theft for personal gain unrelated to the enterprise—and even contrary to the interests of the enterprise, the murder was committed, at least in part, in order to maintain his standing in the enterprise by covering up his own misdeeds which might have decreased his standing if discovered. *Cf. United States v. Bruno*, 383 F.3d 65, 84–85 (2d Cir.2004).

In addition, we find no error in the District Court's admission of statements of a coconspirator, pursuant to Federal Rule of Evidence 801(d)(2)(E). There was sufficient independent corroborating evidence that the declarant conspired with Soto to commit murder. His statements were therefore admissible at trial. In any event, these statements were cumulative of other evidence properly admitted, such that any error in admitting them did not prejudice Soto or otherwise contribute to a miscarriage of justice.

Finally, we conclude that Soto's challenge to the sufficiency of the evidence of his RICO conspiracy conviction based on

his contention that he withdrew from the conspiracy is without merit. Soto has not met his burden under the plain-error standard of showing that he withdrew from the conspiracy. *See, e.g., United States v. Flaharty,* 295 F.3d 182, 192 (2d Cir.2002)("Withdrawal is an affirmative defense, and the defendant has the burden of showing that he performed affirmative acts that were inconsistent with the object of the conspiracy and communicated in a manner reasonably calculated to reach co-conspirators ...") (internal quotation marks and citations omitted). Even if he had raised the issue at trial, there is insufficient evidence on which to base a finding of withdrawal. *See United States v. Berger,* 224 F.3d 107, 118 (2d Cir.2000)("[R]esignation from a criminal enterprise, standing alone, does not constitute withdrawal as a matter of law; more is required.").

After a review of the record, the applicable law, and oral argument, we have considered all of defendants' arguments on appeal and find that all of them are without merit.

The judgments of the District Court are **AFFIRMED.**